IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01796-PAB

TRAVIS HALL,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Travis Hall's Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 2]. Respondents filed a response.[1] Docket No. 12.

---

[1] Respondents filed two responses, which are identical to each other. Docket Nos. 12 and 13. The Court presumes this double-filing was in error and cites exclusively to the response at Docket No. 12.

## I. BACKGROUND[2]

Petitioner is a Jamaican citizen.  Docket No. 1 at 4, ¶ 13.  Petitioner fled Jamaica and presented himself at a port of entry on the border of the United States and Mexico on January 13, 2023.  *Id.*  Petitioner expressed a fear of returning to Jamaica.  *Id.*  The Department of Homeland Security ("DHS") detained Mr. Hall and processed him for a credible fear interview pursuant to 8 U.S.C. § 1225(b)(1).  *Id.*  On or about January 31, 2023, DHS determined that Mr. Hall demonstrated a credible fear of persecution and, pursuant to 8 U.S.C. § 1182(d)(5), paroled him into the United States for a period of one year to pursue asylum.  *Id.*  In doing so, DHS found that Mr. Hall presented neither a security risk nor a risk of absconding.  *Id.*  Petitioner filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS") on October 3, 2023.  *Id.* at 5, ¶ 14. His application remains pending.  *Id.*  Since being released on parole, petitioner married a U.S. citizen.  *Id.*  His wife filed a Petition for Noncitizen Relative, which was received by USCIS on March 6, 2026.  *Id.*  Before his detention, petitioner resided in Greeley, Colorado and worked as a housekeeper and delivery driver.  *Id.*

On January 15, 2026, DHS detained Mr. Hall and served him with a Notice to Appear, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i).  *Id.*, ¶ 15. Petitioner claims that he is charged pursuant to the wrong statute.  *Id.*, ¶¶ 16-17. Petitioner is detained at the Aurora Contract Detention Facility.  *Id.*, ¶ 17.  Respondents are claiming that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), and have not provided him with a bond hearing.  *Id.*

---

[2] The following facts are taken from petitioner's habeas petition, Docket No. 1, and are undisputed unless otherwise noted.

On April 28, 2026, petitioner filed a petitioner for writ of habeas corpus and a motion for a temporary restraining order or preliminary injunction. *See generally id.*; Docket No. 2. In his habeas petition, petitioner brings a claim that his detention should be governed by 8 U.S.C. § 1226(a), and that respondents have violated his substantive and procedural due process rights, the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and the Immigration and Nationality Act ("INA") bond regulations. Docket No. 1 at 17-20, ¶¶ 54-71. Petitioner requests that, among other things, the Court order his immediate release or, in the alternative, order respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 20-21. Petitioner's motion for a temporary restraining order or preliminary injunction seeks the same relief for the same reasons. *See generally* Docket No. 2. On May 7, 2026, respondents filed an "abbreviated response." Docket No. 12 at 2.

## II. ANALYSIS

Respondents argue that petitioner's detention is governed by 8 U.S.C. § 1225(b), and that he is therefore not entitled to receive a bond hearing. *Id*. Specifically, respondents argue that, if a noncitizen is initially detained pursuant to § 1225(b) and is paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5), then, upon the expiration of parole, the noncitizen reverts back to being detained under § 1225(b). *Id.* at 3. The Court has analyzed this issue in two previous cases, holding that "§ 1182(d)(5)(A) does not require petitioner to be detained under the same statutory status as his original detention." *Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *4 (D. Colo. Mar. 4, 2026); *see also Capote Zamora v. Mullin*, No. 26-cv-00538-PAB, 2026 WL 1026810, at *2-3 (D. Colo. Apr. 16, 2026). Respondents acknowledge that "[t]his issue is not materially different from an issue this Court has

3

resolved in a prior ruling in another case." Docket No. 12 at 2. Respondents further acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable." *Id.* at 5. Thus, for the same reasons identified in *Rafibaev* and *Capote Zamora*, the Court finds that petitioner is not detained pursuant to § 1225(b) simply because he was paroled under § 1182(d)(5)(A).

Respondents also argue that petitioner should be detained pursuant to § 1225(b)(2) because that statute applies to all noncitizens who are present in the United States without having been admitted. *Id.* at 4. On many occasions, however, the Court has found that § 1226, not § 1225, applies to the detention of noncitizens, like petitioner, who were detained while already residing in the United States. *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026). Noncitizens detained under § 1226(a) are entitled to receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Because there is no evidence that petitioner has received a bond hearing, his current detention violates § 1226(a).[3] Petitioner argues that immediate release is the proper remedy. Docket No. 1 at 5-6; Docket No. 2 at 19-25. However, "§ 1226

---

[3] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's other claims. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

authorizes detention," *De La Cruz*, 2026 WL 439217, at *3, and "a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a)." *Ramirez v. Baltasar*, No. 26-cv-00199-NYW, 2026 WL 318989, at *4 (D. Colo. Feb. 6, 2026) (citation omitted). Therefore, the Court will order respondents to provide petitioner with a bond hearing.[4]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Travis Hall's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 2] is **DENIED as moot**. It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5] It is further

---

[4] Because the motion for a temporary restraining order or preliminary injunction seeks identical relief, the Court will deny it as moot.

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").

6

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge